The COWLITZ TRIBE OF INDIANS,
Appellant,

v.

CITY OF TACOMA, a municipal corporation, Appellee.

No. 15211.

United States Court of Appeals
Ninth Circuit.

Aug. 16, 1957.

Writ of Certiorari Denied March 3, 1958.
See 78 S.Ct. 541.

Malcom S. McLeod and Frederick Paul, Seattle, Wash., and James E. Sareault, Chehalis, Wash., for appellant.

Marshall McCormick, City Atty., and Robert R. Hamilton, Asst. City Atty., Tacoma, Wash., for appellee.

Before HEALY, FEE and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

An action has been brought by the Cowlitz Tribe of Indians for damages and for an injunction against the City of Tacoma, to enjoin. the latter from constructing two dams on the Cowlitz River and from selling any bonds in connection therewith. The essential basis of the claim of the Tribe is that the aboriginal title to all the real property used in construction of the proposed Mayfield and Mossyrock dams has never been extinguished. The Tribe claims fee simple title to all the lands at the sites and the property in all the waters of the Cowlitz. It is also alleged that fishing rights of the Tribe are and will be interfered with and that burial grounds of its ancients will be desecrated.

The City raised the question of jurisdiction in its answer. The Tribe answered a series of interrogatories by the City, but failed to respond to a request for admissions as to the genuineness of documents. The Tribe also filed several affidavits in support of its claim.

The trial court held a preliminary hearing to determine the affirmative de-

fenses set out in the answer.[1] It considered the evidence, records and files in the case, including the affidavits and exhibits. The District Court then dismissed for want of jurisdiction of the subject matter. The Tribe has appealed from this judgment.

█ The claim of the Tribe is that, while original title of other Indian tribes to land and water in the State of Washington was extinguished by treaty, the Cowlitz Tribe entered into no treaty. It is contended that the City is appropriating this real property in which the Indian title still subsists, and therefore just compensation must be paid. It is said this raises a federal question and that more than the jurisdictional amount is involved. Therefore, the District Court had jurisdiction, according to the contention presented on appeal.

The Tribe is presently prosecuting a proceeding against the United States under the provisions of the Indian Claims Act, 25 U.S.C.A. § 70 et seq., wherein there is claimed all of the lands and rights in several counties and parts of counties of the State of Washington belonged to the Tribe, and that the United States has deprived them thereof.[2] The answer of the government is that the Tribe has no rights therein and the claim should be denied under Duwamish, Lummi, Whidley Island Skagit Tribes of Indians v. United States, 79 Ct. Cl. 530, certiorari denied 295 U.S. 755, 55 S.Ct. 913, 79 L.Ed. 1698.[3] It is thus clear that the question is political and not justiciable. It would be otherwise if the government, as guardian and protector of these Indians, were bringing action for an invasion of the aboriginal title vested in them and recognized by the United States against trespassers or adverse claimants, even though the latter might hold grants from the government. United States v. Santa Fe Pacific Railroad Co., 314 U.S. 339, 62 S.Ct. 248, 86 L.Ed. 260.

The limitations of the jurisdiction of the District Court must be observed. Here neither diversity of citizenship nor a jurisdictional amount has been alleged. There is on the face of the pleading no federal question. The United States is not a party, as it was in the Santa Fe case. Here the Tribe does not allege that the United States has ever recognized any title in these Indians, either collectively or individually, by congressional action or by executive order. The primary question in a condemnation action is compensation for the title. The Cowlitz did not enter into any treaty with the government, so the construction of no such instrument is involved.

█ As a matter of history of which the District Court could take judicial notice, the United States did occupy all this territory, as sovereign and possessor, and has acted as the proprietor or grantor of all the lands involved for a century. The government has granted numerous parcels of these lands to private individuals, school districts and corporations. The City of Tacoma is successor to certain of these grantees. Part of the lands are in forest reserve. The City of Tacoma, as to the water to be impounded, is acting under license from the Federal Power Commission.

The controversy therefore does not arise under the Constitution, Treaties or any law of the United States. The trial court had no jurisdiction.

The appeal is dismissed.

1. See Federal Rules of Civil Procedure, Rule 12(d), 28 U.S.C.A.

2. Simon Plamondon, on relation of the Cowlitz Tribe of Indians v. United States, Indian Claims Commission, Petition No. 218, filed August 8, 1951.

3. See also Tee-Hit-Ton Indians v. United States, 348 U.S. 272, 285, 75 S.Ct. 313, 99 L.Ed. 314, rehearing denied 348 U.S. 965, 75 S.Ct. 521, 99 L.Ed. 753.